IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JUSTIN LONG, and all others similarly situated under 29 USC § 216(b), | § § § | |
| *Plaintiffs*, | § § § | |
| | § | DOCKET NO. __7:24-cv-150____ |
| v. | § | JURY DEMANDED |
| | § | Collective Action pursuant to |
| PEGASO ENERGY SERVICES, LLC, and JOHN COLE STOUT, | § § | 29 U.S.C. § 216(b) |
| | § | |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Justin Long ("Plaintiff" or "Long"), on behalf of himself and all others similarly situated, files this Complaint against Defendants Pegaso Energy Services, LLC ("Pegaso") and John Cole Stout ("Stout" and collectively, "Defendants"), and respectfully shows as follows:

### I.     INTRODUCTION

1.     For approximately six weeks, Defendants failed to pay Plaintiff for his time worked. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendants' failure to pay Plaintiff minimum wages and time and one-half the regular rate of pay for all hours worked over forty during each workweek.

2.     Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and on behalf of all similarly situated current and former employees who work/worked for Defendants on an hourly basis who, like Plaintiff, have not been/were not paid minimum wage and time and one-half their respective rates of pay for all hours worked over forty in each workweek for the time period of three years preceding the filing date of this lawsuit and forward (the "Collective Action Members").

3.     Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II.     PARTIES

4.     Plaintiff is an individual citizen of the State of Texas and is employed by Defendant in Texas.

5.     Pegaso Energy Services, LLC is a limited liability corporation organized under the laws of the State of Texas. Pegaso's principal place of business is 1311 E. County Road 119, Midland, Texas 79706. Its registered agent is C T Corporation System which can be served with process at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6.     John Cole Stout is the CEO of Pegaso and an employer as defined by 29 U.S.C. § 203(d). John Cole Stout can be served with process at P.O. Box 302857, Austin, Texas 78703, or wherever he may be found.

7.     During all times relevant to this lawsuit, Defendants have done, and continue to do, business in the State of Texas.

8.     At all times relevant to this lawsuit, Pegaso is and has been an "enterprise engaged in commerce" as defined by the FLSA.

9.     At all times relevant to this lawsuit, Defendants employ and continue to employ two or more employees.

10.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the putative Collective Action Members. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the

applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

11.     At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

12.     At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.

### III.     JURISDICTION & VENUE

13.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact to the FLSA claims.

15.     The United States District Court for the Western District of Texas has personal jurisdiction over Defendants because Defendants do business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and Division and because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.   FACTS

17.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18.   Pegaso is an oil and gas company providing pump services, completion rig services, well testing services and automation / robotic services. Defendants employed Plaintiff as a floor hand, and Plaintiff was responsible for performing manual or technical labor to provide Defendants' services to clients. Like Plaintiff, the Collective Action Members are/were also responsible for performing manual or technical labor to provide Defendants' services for clients.

19.   Although Plaintiff and putative Collective Action Members worked more than forty hours each week, Defendant did not pay Plaintiff and putative Collective Action Members a minimum wage, their regular wages, or overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours over forty in the workweek.

20.   Plaintiff and the putative Collective Action Members regularly worked in excess of forty (40) hours per week but did not receive their regular rate of pay and/or overtime pay at all (or weeks and months later), in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short.

21.   At all times, Plaintiff and the putative Collective Action Members were to be paid on an hourly basis, and Plaintiff and putative Collective Action Members are/were classified as non-exempt employees.

22.   Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

## COUNT I: FLSA COLLECTIVE ACTION CLAIMS

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendants who: (a) are/were to be paid on an hourly basis; (b) performed manual or technical labor to provide Defendants' products and services to customers; (c) perform/performed work in any workweek and were not paid minimum wages; and (d) work/worked more than forty hours in any workweek and were not paid overtime wages for all hours worked.

25.     Plaintiff has personal knowledge that other putative Collective Action Members were to be paid pursuant to the same pay structure.

26.     The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

27.     The putative Collective Action Members are not exempt from receiving minimum wages and overtime premium pay under the FLSA. Defendants' failure to pay minimum wages and overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

28.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

29.     Although the exact amount of damages may vary amongst the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

30.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

31.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### COUNT II: FLSA CLAIM FOR FAILURE TO PAY MINIMUM WAGES

32.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33.     All conditions precedent to this suit, if any, have been fulfilled.

34.     At all relevant times, Defendants are/were eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d).

35.     At all times relevant to this lawsuit, Defendants have been and are an enterprise engaged in commerce under the FLSA. See 29 U.S.C. § 203(s)(1)(A), § 203(r); *Brennan v. Arnheim & Nelly, Inc.*, 410 U.S. 512, 521 (1973) (recognizing the ability to aggregate related activities performed by any person or persons for a common business purpose, including activities performed in one or more establishments relative to enterprise coverage).

36.     At all material times, Plaintiff was Defendants' employee pursuant to the FLSA. 29 U.S.C. § 203(e).

37.     Under FLSA, the threshold for minimum wages an employer can provide is $7.25 per hour.

38.     Defendants failed to pay Plaintiff the minimum threshold for hourly compensation under FLSA because Defendants never paid Plaintiff for any work performed.

39.     Plaintiff seeks all damages available for Defendants' failure to meet the minimum wage standards of FLSA, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## COUNT III: FLSA CLAIMS FOR OVERTIME PAY

40.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

41.     All conditions precedent to this suit, if any, have been fulfilled.

42.     At all relevant times, Defendants had been Plaintiff's employer under the FLSA and is engaged in commerce under the FLSA.

43.     Plaintiff is not exempt from overtime under the FLSA and was to be paid on an hourly basis.

44.     Plaintiff regularly worked more than forty hours per workweek for Defendants but was not paid time and one-half his regular rate of pay for all hours over forty.

45.     Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, by not paying any wages for work performed, Defendants were aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rate of pay for all hours over forty in a workweek. On behalf of himself and the putative Collective Action Members, Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendants' willful conduct. 29 U.S.C. § 255(a).

46.     Plaintiff seeks all damages available at law for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## COUNT IV: FLSA TIMELY PAYMENT CLAIMS

47.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48.     The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owed, and in no event shall such payments be delayed beyond the next payday after such computation can be made. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106. Defendants violated these basic principles by delaying Plaintiff's overtime payments for working in excess of 40 hours a week beyond the regular payment date, and such delay not being reasonably necessary to compute Plaintiff's overtime pay.

49.     Defendants' failure to pay Plaintiff's FLSA overtime pay in a timely manner and their withholding of such overtime payments violated section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

50.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to his backpay damages for Defendants' failure to pay overtime within the FLSA's prompt payment requirements.

51.     Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

### COUNT V: BREACH OF EMPLOYMENT AGREEMENT

52.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

53.     The parties had a valid agreement wherein Defendants would pay Plaintiff $26 per hour plus $150 per diem for performing manual or technical labor to provide Defendants' services to clients. Plaintiff performed and tendered performance of his obligations under this agreement by continuing to work for Defendant for six weeks. However, Defendants breached the agreement by failing to pay Plaintiff any wages at all, which injured Plaintiff. Accordingly, Plaintiff asserts a cause of action against Defendants for breach of contract under Texas common law.

54.     Plaintiff is entitled to recover attorneys' fees and costs under Chapter 38, Texas Civil Practice & Remedies Code.

## COUNT VI: QUANTUM MERUIT

55.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

56.     In the alternative to Plaintiff's claim for breach of contract, Plaintiff asserts a cause of action against Defendants for quantum meruit. Defendants have knowingly benefitted at Plaintiff's expense in a manner such that allowance of Defendants to retain the benefit would be unjust. Specifically, Plaintiff provided valuable labor and services as an employee of Defendants' business with the expectation and understanding that he would be compensated at a rate of $26 per hour plus $150 per diem. Defendants accepted Plaintiff's services and labor, and Defendants had reasonable notice that Plaintiff expected to be paid $26 per hour plus $150 per diem. Despite Defendants having reasonable notice that Plaintiff expected to be paid $26 per hour plus $150 per diem, Defendants willingly did not pay Plaintiff *anything*.

57.     Plaintiff is entitled to recover attorneys' fees and costs under Chapter 38, Texas Civil Practice & Remedies Code.

## V.      VEIL PIERCING AND ALTER EGO

58.     Plaintiff expressly alleges that Defendants are both liable under veil-piercing and/or alter-ego theories of vicarious liability.

59.     Specifically, the corporate form of Pegaso ought to be disregarded because its form was organized and operated as a mere tool or business conduit ("alter ego") of Stout. Further, Pegaso's form was used to evade an existing legal obligation insofar as Stout used Pegao as a

means to shield himself from liability for claims by unpaid employees, like Plaintiff, who worked for Pegaso.

60.     Stout used the corporate form of Pegaso to circumvent the FLSA insofar as he attempted to insulate himself from liability by utilizing Pegaso as a shield-like intermediary between himself and Plaintiff.

61.     Pegaso was inadequately capitalized with the effect of creating an injustice insofar as Stout failed to provide Pegaso with sufficient capital to continue paying its employees, despite assuring its employees—including Plaintiff—that payment was forthcoming.

62.     Stout caused Pegaso to be used for the purpose of perpetuating an actual fraud, i.e., misleading Plaintiff and the putative Collective Members to continue working without pay based on the false promise of payment, and perpetuated an actual fraud on Plaintiff and the putative Collective Members primarily for the Stout's direct personal benefit.

63.     Therefore, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## VI.     JURY DEMAND

64.     Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VII.     PRAYER

65.     For these reasons, Plaintiff asks that the Court issue summons for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded judgment against Defendants for the following:

> a.     An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.    All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

c.    All other relief as the Court deems just and proper.

Respectfully submitted,


By: */s/ Fernando M. Bustos*
     Fernando M. Bustos; SBN: 24001819
     fbustos@bustoslawfirm.com
     Matthew N. Zimmerman; SBN: 24100386
     mzimmerman@butsoslawfirm.com
     Brandon C. Callahan; SBN: 24096175
     bcallahan@bustoslawfirm.com
     Benjamin E. Casey; SBN: 24137943
     bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFFS,
JUSTIN LONG AND THE
COLLECTIVE ACTION MEMBERS