IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JUSTIN LONG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DOCKET NO. 7:24-cv-00150 |
| | § | JURY DEMANDED |
| JOHN COLE STOUT, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT JOHN COLE STOUT
WITH BRIEF IN SUPPORT**

BUSTOS LAW FIRM, P.C.
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Benjamin E. Casey; SBN: 24137943
bcasey@bustoslawfirm.com
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF, JUSTIN LONG

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. iii

I.      SUMMARY ............................................................................................................ 1

II.     PROCEDURAL HISTORY .................................................................................. 1

III.    DEFAULT SUMMARY STANDARD ................................................................. 2

IV.     ARGUMENTS AND AUTHORITIES ................................................................. 4

        A.      An Entry of Default Judgment Against Stout is Procedurally
                Warranted .................................................................................................. 4

                i.      No Material Issues of Fact Exist .................................................. 4

                ii.     There Will Be Substantial Prejudice if Default Judgment is Not
                        Entered ........................................................................................... 5

                iii.    The Grounds for Default Against Stout are Clearly Established ... 5

                iv.     Stout's Default Was Not Caused by a Good Faith Mistake or
                        Excusable Neglect .......................................................................... 5

                v.      Default Judgment Is Not a Harsh Remedy Given Stout's Conduct ... 5

                vi.     The Court Would Not Be Obliged to Set Aside a Default Judgment
                        Against Stout .................................................................................. 6

        B.      Plaintiff's Claims Have Substantive Merit and there is a Sufficient
                Basis in the Pleadings for the Default Judgment ................................. 6

                i.      Pleadings Standard ........................................................................ 7

                ii.     Well Pleaded Facts in Plaintiff's Complaint Are Deemed Admitted
                        by Stout's Default ......................................................................... 7

                iii.    Law Cited in Plaintiff's Complaint Relative to Factual Statements
                        Show Violations of the FLSA and Breach of Contract ................ 8

        C.      Relief Which Plaintiff Should Receive for His FLSA Claims ............. 8

                i.      The Court Should Enter Judgment that an Employer-Employee
                        Relationship Existed During the Relevant Time Period ............... 8

                ii.     The Court Should Enter Judgment that Plaintiff Engaged in
                        Activities within the Coverage of the FLSA ............................... 10

                iii.    The Court Should Enter Judgment that Stout Violated the FLSA's
                        Minimum Wage, Overtime Wage, and Timely Payment
                        Requirements ................................................................................. 11

        iv.    The Damages Owed by Stout ................................................................... 12

    **D.**    **Relief Which Plaintiff Should Receive for His Contract or Quantum Meruit Claims**....................................................................................................... 13

**V.**    **CONCLUSION** ............................................................................................... 14

**CERTIFICATE OF SERVICE** ................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Hearts With Hope Found.*,
No. 17-20021, 2017 WL 5495706 (5th Cir. Nov. 15, 2017) ...................................................... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................... 7

*Biggs v. Wilson*,
1 F.3d 1537 (9th Cir. 1993) ...................................................................................................... 11

*Bonanza Int'l v. Corceller*,
480 F.2d 613 (5th Cir. 1973) .................................................................................................... 13

*Donovan v. Grim Hotel Co.*,
747 F.2d 966 (5th Cir. 1984) ...................................................................................................... 9

*Ganther v. Ingle*,
75 F.3d 207 (5th Cir. 1996) ........................................................................................................ 3

*Gray v. Powers*,
673 F.3d 352 (5th Cir. 2012) ................................................................................................. 9, 10

*Heldenfels Bros., Inc. v. Corpus Christi*,
832 S.W.2d 39, 41 (Tex. 1992) ................................................................................................ 14

*Ins. Co. of the W. v. H & G Contractors, Inc.*,
No. C-10-390, 2011 WL 4738197 (S.D. Tex. Oct. 5, 2011) ...................................................... 4

*Jenkens & Gilchrist v. Groia & Co.*,
542 F.3d 114 (5th Cir. 2008) ...................................................................................................... 6

*Johnson v. Heckmann Water Res. (CVR), Inc.*,
758 F.3d 627 (5th Cir. 2014) ...................................................................................................... 8

*Lacy v. Sitel Corp.*,
    227 F.3d 290 (5th Cir. 2000) ......................................................................................................... 6

*Lindsey v. Prive Corp.*,
    161 F.3d 886 (5th Cir. 1998) .................................................................................................... 3, 5

*Martin v. U.S.*,
    117 Fed. Cl. 611 (Fed. Cl. 2014) ................................................................................................11

*Mendoza v. Detail Sols., LLC*,
    911 F. Supp. 2d 433 (N.D. Tex. 2012) .......................................................................................11

*New York Live Ins. Co. v. Brown*,
    84 F.3d 137 (5th Cir. 1996) ......................................................................................................... 2

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,
    515 F.2d 1200 (5th Cir. 1975) ............................................................................................... 3, 4, 6

*Olson v. Sup. Pontiac-GMC, Inc.*,
    765 F.2d 1570 (11th Cir. 1985) ..................................................................................................11

*Parrish v. Premier Directional Drilling, L.P.*,
    917 F.3d 369 (5th Cir. 2019)) ..................................................................................................... 8

*Ramsey v. Delray Capital LLC*,
    3:14-CV-3910-B, 2016 WL 1701966 (N.D. Tex. Apr. 28, 2016) (Boyle, J.) .................. 3, 4, 5, 6

*Sandoz v. Cingular Wireless, LLC*,
    769 F. Supp. 2d 1047 (W.D. La. 2010) ......................................................................................11

*Scott v. Carpanzano*,
    556 Fed. Appx. 288 (5th Cir. 2014) ............................................................................................ 6

*Smith Int'l, Inc. v. Egle Grp., LLC*,
    490 F.3d 380, 387 (5th Cir. 2007) ............................................................................................. 13

*Stewart v. Lone Star Exteriors, LLC*,
    447 F. Supp. 3d 548 (E.D. Tex. 2019) ..................................................................................... 8, 9

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*,
  874 F.2d 274 (5th Cir. 1989) .................................................................................................. 3

*United Artists Corp. v. Freeman*,
  605 F.2d 854 (5th Cir. 1979) .................................................................................................. 4

*United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*,
  548 F. Supp. 2d 381 (W.D. Tex. 2008) .................................................................................. 3

*Usery v. Pilgrim Equip. Co.*,
  527 F.2d 1308 (5th Cir. 1976) ................................................................................................ 9

*Williams v. Henagan*,
  595 F.3d 610 (5th Cir. 2010) .................................................................................................. 9

*Wooten v. McDonald Transit Assocs., Inc.*,
  788 F.3d 490 (5th Cir. 2015) ........................................................................................... 7, 12

**Statutes**

29 U.S.C. § 203(d) .................................................................................................................... 9

29 U.S.C. § 203(s)(1)(A) ........................................................................................................ 12

29 U.S.C. § 206(a)(1)(C) ................................................................................................... 11, 12

29 U.S.C. § 207(a)(1) ......................................................................................................... 11, 13

**Rules**

Fed. R. Civ. P. 12(a)(1)(A)(i) .................................................................................................. 2

Fed. R. Civ. P. 55(b) ...................................................................................................... 1, 3, 14

Fed. R. Civ. P. 55(c) ................................................................................................................ 6

Fed. R. Civ. P. 6(d) .................................................................................................................. 2

Fed. R. Civ. P. 60(b)(1) ........................................................................................................... 6

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff Justin Long ("Plaintiff" or "Long"), files this Motion for Default Judgment Against Defendant John Cole Stout ("Defendant" or "Stout") with Brief in Support (the "Motion") as to his individual claims and does not pursue any judgment on behalf of the putative Collective Action Members.[1]

Pursuant to Local Court Rule CV-7(C), Plaintiff has attached, through a separate filing, an appendix containing materials cited in support of this Motion. Plaintiff incorporates all documents in that appendix by reference as if set forth fully herein.

## I.   SUMMARY

1.      From January 30, 2024, to March 8, 2024, Plaintiff worked for Defendant and was never paid a dime. Plaintiff filed this lawsuit on July 2, 2024, alleging minimum wage, overtime wage, and timely payment violations of the federal Fair Labor Standards Act ("FLSA"), breach of contract, and quantum meruit against Defendant.

2.      On August 23, 2024, the Clerk of this Court entered Rule 55(a) default against Defendant.

3.      Accordingly, Plaintiff requests that the Court grant this Motion pursuant to Rule 55(b)(2) and enter judgment in his favor against Defendant, and to award damages to Plaintiff in an amount to be determined after a hearing.

## II.   PROCEDURAL HISTORY

4.      On July 2, 2024, Plaintiff filed this action for violations of the FLSA, breach of contract, and quantum meruit, seeking all relief available to him at law and in equity. ECF No. 1 ¶¶ 24, 38, 44, 48, 53, 56.

5.      On July 3, 2024, Plaintiff, through a duly authorized third-party process server, mailed the summonses issued and a copy of the complaint in this lawsuit to Stout individually

---

[1] Plaintiff hereby waives his right to bring claims or seek damages on behalf of a collective action.

via United States Postal Service certified mail, return receipt requested. Ex. 1, App. 1-3. On July 8, 2024, the USPS green card (PS Form 3811) for Stout's mailing was signed by an individual at Stout's listed address named Angelica S. Ex. 1, App. 1-3.

6.    The deadline for Stout to file a responsive pleading or pleadings to the original complaint in this lawsuit was no later than July 29, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). That deadline included the three additional days allowed for a response when served by mail. *See* Fed. R. Civ. P. 6(d). Stout failed to file any responsive pleading by this date.

7.    Plaintiff moved for Entry of Default against Stout on July 30, 2024. ECF No. 7 (the "Rule 55(a) Motion"). On August 23, 2024, the clerk entered a Clerk's Entry of Default against Defendant. ECF No. 8 (the "Clerk's Entry of Default").

8.    As of the filing of this Motion, Stout has not filed any responsive pleading or pleadings to Plaintiff's Original Complaint in this lawsuit. Further, as of the filing of this Motion, Plaintiff's counsel have not been contacted by Stout or any representative of Stout. Ex. 2, App. 4-5 (Declaration of Benjamin Casey).

9.    Pursuant to Local Court Rule CV-7(F), Plaintiff has attached a proposed order satisfying the specific requirements of default judgment in an FLSA case.

### III.    DEFAULT SUMMARY STANDARD

10.    Federal Rule of Civil Procedure Rule 55(b) governs default judgment after a defendant's default and the Clerk's entry of a default against that defendant pursuant to Rule 55(a). *See New York Live Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Thereafter, a party must apply to the Court for a default judgment unless the claim against the defaulting party is for a sum certain. *See* Fed. R. Civ. P. 55(b).

11.     "Once [a Rule 55(a)] default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff." *Ramsey v. Delray Capital LLC*, 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016) (Boyle, J.) (citing Fed. R. Civ. P. 55(b)). "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "A party is not entitled to a default judgment merely because the defendant is technically in default." *Id.* (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Rather, a default judgment is generally committed to the discretion of the district court." *Id.* (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)).

12.     "In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis." *Id.* (citing *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384).

13.     "First, courts consider whether the entry of default judgment is procedurally warranted." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey*, 161 F.3d at 893).

14.     "Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In

doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint." *Id.* (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

15.     "Third, courts determine what form of relief, if any, the plaintiff should receive." *Id.* (citing *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011)). "Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## IV.     ARGUMENTS AND AUTHORITIES

### A.     An Entry of Default Judgment Against Stout is Procedurally Warranted

16.     This Court has subject matter jurisdiction over the claims in this lawsuit pursuant to 29 U.S.C. § 1331 because Plaintiff's FLSA claims present a federal question. ECF 1, ¶ 13. The Court has personal jurisdiction over Stout because Stout does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District. ECF 1, ¶ 15. Venue is proper before this Court for those same reasons. ECF 1, ¶¶ 15, 16. Plaintiff addresses the *Lindsey* factors as follows.

### i.     No Material Issues of Fact Exist

17.     First, as Stout is in default, there are no material facts in dispute. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"); *Ramsey*, 2016 WL 1701966, at *2 (same). Plaintiff's Complaint contains detailed statements of fact that meet or exceed the pleading requirements of Federal Rule of Civil Procedure 8(a). *See* ECF 1.

ii.      There Will Be Substantial Prejudice if Default Judgment is Not Entered

18.    Second, Stout's intentional disregard of this lawsuit presents substantial prejudice to Plaintiff. Stout's failure to respond to Plaintiff's Original Complaint threatens to bring the adversary process to a halt which prejudices Plaintiff's rights to recover the FLSA wages and related damages he is owed by Stout. *Lindsey*, 161 F.3d at 893; *Ramsey*, 2016 WL 1701966, at *2.

iii.      The Grounds for Default Against Stout are Clearly Established

19.    Third, Plaintiff incorporates the facts identified in Section II above which show that the grounds for default judgment against Stout are clearly established. Specifically, Plaintiff's lawsuit was filed on July 2, 2024, and despite being properly served with notice, Stout failed to respond to the lawsuit by the July 29, 2024 deadline.

iv.      Stout's Default Was Not Caused by a Good Faith Mistake or Excusable Neglect

20.    Fourth, there is no evidence before the Court to show that Stout's default is a result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893; *Ramsey*, 2016 WL 1701966, at *2. To the contrary, as identified in Section II above, the evidence shows that Stout was properly served with notice of the lawsuit on July 8, 2024, and has ignored this lawsuit after being served by failing to file a responsive pleading.

v.      Default Judgment Is Not a Harsh Remedy Given Stout's Conduct

21.    Fifth, Stout has completely failed to respond to Plaintiff's Original Complaint despite clearly having knowledge of the existence of this lawsuit as described above. Such conduct by Stout mitigates the harshness of a default judgment.

vi.      The Court Would Not Be Obliged to Set Aside a Default Judgment Against Stout

22.      Finally, there are no facts that would give rise to "good cause" to set aside a default judgment if it were challenged by Stout. "Rule 55(c) provides that a court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293–94 (5th Cir. 2014) (citing Fed. R. Civ. P. 55(c)). "Rule 60(b)(1) provides that a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1)). Where, a party seeks to set aside a default judgment pursuant to Rule 60(b)(1), "three primary factors are to be considered: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff." *Id.* (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Id.* (citing *Jenkens & Gilchrist*, 542 F.3d at 119–20).

23.      As shown in detail *supra*, there is no good cause to overturn a default judgment against Stout. Furthermore, those facts show that Stout willfully defaulted, cannot have a meritorious defense to failing to pay Plaintiff a dime for six weeks of work, and there can be no showing of mistake, inadvertence, surprise, or excusable neglect by Stout.

**B.      Plaintiff's Claims Have Substantive Merit and there is a Sufficient Basis in the Pleadings for the Default Judgment**

24.      Relative to the second *Lindsey* factor, "the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint." *Ramsey*, 2016 WL 1701966, at *2 (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

i.      Pleadings Standard

25.     "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted)). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotations omitted). "Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and quotations omitted)).

26.     Plaintiff's Original Complaint lists detailed facts and legal citations which meet or exceed the required pleading standards and therefore show that Plaintiff's claims have substantive merit and that there is a sufficient basis in that complaint to support a default judgment. ECF 1.

ii.     Well Pleaded Facts in Plaintiff's Complaint Are Deemed Admitted by Stout's Default

27.     Plaintiff's Original Complaint contains detailed facts which support elements needed to establish that Stout is liable for all of Plaintiff's claims in this default judgment. Specifically, Stout does business in Texas, employed two or more employees who engaged in the production of goods for commerce, had common ownership, oversight and control over Plaintiff while Plaintiff was employed, and never paid Plaintiff for his work. Furthermore, Plaintiff agreed to be paid on an hourly basis and was classified as a non-exempt employee, performing manual or technical labor for Stout.  *See* ECF 1, ¶¶ 5-12, 18-22.

iii.     Law Cited in Plaintiff's Complaint Relative to Factual Statements Show
         Violations of the FLSA and Breach of Contract

28.     Plaintiff's Original Complaint cites the FLSA, regulations and case law relative to

the FLSA, and Texas statutes in showing how Stout is covered by and/or violated the FLSA, and

how Stout breached Plaintiff's employment agreement. *See* ECF 1, ¶¶ 6-12, 18-22, 53, 56. The

Original Complaint contains a prayer for relief which is the same relief requested in this Motion.

*See* ECF 1, ¶ 65.

**C.     Relief Which Plaintiff Should Receive for His FLSA Claims**

29.     Pursuant to the third *Lindsey* factor, Plaintiff should respectfully be awarded

judgment against Stout for FLSA unpaid minimum wages, unpaid overtime wages, untimely

payment, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

30.     A plaintiff in an FLSA action "must establish a prima facie case by proving four

elements: (1) that there existed an employer-employee relationship during the unpaid overtime

periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA;

(3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of

overtime compensation due." *Stewart v. Lone Star Exteriors, LLC*, 447 F. Supp. 3d 548, 554

(E.D. Tex. 2019) (citing *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th

Cir. 2014)). A plaintiff "must prove each element by a preponderance of the evidence." *Id.* (citing

*Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019)).

i.      The Court Should Enter Judgment that an Employer-Employee Relationship
        Existed During the Relevant Time Period

31.     Pursuant to Plaintiff's Original Complaint and Stout's default, Plaintiff has shown

that an employer-employee relationship existed between Plaintiff and Stout.

32.    "A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). "Given the remedial purposes of the legislation, an expansive definition of 'employee' has been adopted by the courts." *Stewart*, 447 F. Supp. 3d at 553 (citing *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976)).

33.    To determine whether an individual or entity is an employer, the Court should consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray*, 673 F.3d at 355 (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

34.    In connection with proving that an employer-employee relationship existed between Stout and Plaintiff, the following facts in Plaintiff's Original Complaint are deemed admitted by Stout:

- Stout is the CEO of Pegaso.

- Stout and Pegaso have common ownership.

- Stout and Pegaso have oversight and control over Plaintiff.

- Stout is and/or was an eligible and covered employer under the FLSA relative to Plaintiff's claims in this lawsuit.

- Stout and Pegaso were joint employers of Plaintiff relative to the claims in this lawsuit.

- Stout and Pegaso have been and are an enterprise engaged in commerce under the FLSA.

- Plaintiff was Stout's employee pursuant to 29 U.S.C. § 203(3) of the FLSA.

*See* ECF 1, ¶¶ 6, 10, 18, 35, 36.

35.     Again, at least one of the *Gray* factors must be present for an individual like Stout to be an employer under the FLSA. Here, Stout admits one such *Gray* factor. *See* ECF 1, ¶ 10 (oversight and control); *Gray*, 673 F.3d at 355-57. Additionally, Stout is deemed to have admitted that he and Pegaso were joint employers of Plaintiff under the FLSA. *See* ECF 1, ¶¶ 10, 63.

ii.     The Court Should Enter Judgment that Plaintiff Engaged in Activities within the Coverage of the FLSA

36.     Plaintiff asserts FLSA minimum wage and overtime wage violations against Stout pursuant to 29 U.S.C. § 206(a)(1)(C), 29 U.S.C. § 207(a)(1), and 29 U.S.C. § 216(b). ECF 1, ¶¶ 1, 2, 19, 20, 24-27, 32-46. "To establish FLSA coverage, [a plaintiff] must show (1) he was personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) he was employed by an enterprise engaged in such activity ("enterprise coverage"). *Anderson v. Hearts With Hope Found.*, No. 17-20021, 2017 WL 5495706, at *2 (5th Cir. Nov. 15, 2017).

37.     Plaintiff asserts enterprise coverage. ECF 1, ¶¶ 8, 35-36. Enterprise coverage applies when an enterprise[2] "(i) has employees engaged in commerce or in the production of

---

[2] "'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more

goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012) (Fish, J.) (citing 29 U.S.C. § 203(s)(1)(A)).

38.     Stout admits all facts necessary to show that Pegaso was an enterprise engaged in commerce pursuant to the FLSA when Stout employed Plaintiff. ECF 1, ¶¶ 8, 35-36.

iii.     <u>The Court Should Enter Judgment that Stout Violated the FLSA's Minimum Wage, Overtime Wage, and Timely Payment Requirements</u>

39.     The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . not less than . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C). "[An] employee must receive, at the very least, minimum wage for all hours worked on his regular and customary pay date." *Sandoz v. Cingular Wireless, LLC*, 769 F. Supp. 2d 1047, 1054 (W.D. La. 2010). *See also Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993); *Olson v. Sup. Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578 (11th Cir. 1985). When an employer fails to pay an employee any wages for weekly hours worked by the regularly scheduled pay date for same, the FLSA's minimum wage provision is violated. *See, e.g.*, *Martin v. U.S.*, 117 Fed. Cl. 611, 618 (Fed. Cl. 2014).

40.     The following facts in Plaintiff's Original Complaint are deemed admitted by Stout relative to FLSA minimum wage violations:

- For approximately six weeks, Stout failed to pay Plaintiff for his time worked.
- Plaintiff did not receive his regular rate of pay at all.

---

establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements . . . ." 29 U.S.C. § 203(r)(1).

- Stout failed to pay Plaintiff the minimum threshold for hourly compensation under FLSA because Stout never paid Plaintiff for any work performed.

- Stout delayed Plaintiff's wage payments beyond the regular payment date.

ECF 1, ¶¶ 1, 20, 38, 48.

41.    The FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

42.    The following facts in Plaintiff's Original Complaint are deemed admitted by Stout relative to FLSA wage violations:

- For approximately six weeks, Stout failed to pay Plaintiff for his time worked.

- Plaintiff is not exempt from overtime under the FLSA and was to be paid on an hourly basis.

- Plaintiff regularly worked more than forty hours per workweek for Stout but was not paid time and one-half his regular rate of pay for all hours over forty.

- Stout delayed Plaintiff's overtime wage payments beyond the regular payment date.

ECF 1, ¶¶ 1, 43, 44, 48.

iv.    The Damages Owed by Stout

43.    Because Plaintiff is suing for a sum uncertain, the Court should have a hearing to determine damages. *See* Fed. R. Civ. P. 55(b)(2); *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015). The district court can conduct this hearing or refer this hearing to a magistrate judge. Fed. R. Civ. P. 55 (b)(2). If damages are awarded in the default judgment and

the defendant does not appear at the hearing on damages, it cannot question the damages for the first time on appeal. *Bonanza Int'l v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973).

**D.    Relief Which Plaintiff Should Receive for His Contract or Quantum Meruit Claims**

44.    Pursuant to the third *Lindsey* factor, Plaintiff should respectfully be awarded judgment against Stout for breach of contract.

45.    Under Texas law, the elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

46.    Pursuant to Stout's default, the following facts in Plaintiff's Original Complaint are deemed admitted by Stout relative to breach of contract:

- Plaintiff had a valid agreement with Stout wherein Stout would pay Plaintiff $26 per hour plus $150 per diem for performing manual or technical labor to provide services to Stout's clients.

- Plaintiff performed and tendered performance of his obligations under this agreement by continuing to work for Stout for six weeks.

- Stout breached the agreement by failing to pay Plaintiff any wages at all, which injured Plaintiff.

ECF 1, ¶ 53.

47.    In the alternative to Plaintiff's breach of contract claim, and pursuant to the third *Lindsey* factor, Plaintiff should respectfully be awarded judgment against Stout for quantum meruit.

48.     To recover under quantum meruit under Texas law, Plaintiff is required to show that (1) valuable services were furnished, (2) to Stout, (3) which Stout accepted, and (4) under such circumstances as reasonably notified the recipient that Plaintiff, in performing, expected to be paid by Stout. *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

49.     Pursuant to Stout's default, the following facts in Plaintiff's Original Complaint are deemed admitted by Stout relative to quantum meruit:

- Plaintiff provided valuable labor and services as an employee of Stout's business with the expectation and understanding that he would be compensated at a rate of $26 per hour plus $150 per diem.

- Stout accepted Plaintiff's services and labor, and Stout had reasonable notice that Plaintiff expected to be paid $26 per hour plus $150 per diem.

- Despite Stout having reasonable notice that Plaintiff expected to be paid $26 per hour plus $150 per diem, Stout willingly did not pay Plaintiff *anything*.

ECF 1, ¶ 56.

## V.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Default Judgment on Plaintiff's claims after conducting a hearing on Plaintiff's damage claims and claims for attorneys' fees. Plaintiff further requests all other relief, in law or in equity, to which he is justly entitled.

Respectfully submitted,


By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Benjamin E. Casey; SBN: 24137943
    bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976; (806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF, JUSTIN LONG


## CERTIFICATE OF SERVICE

I certify that because Defendant is in default, he is not entitled to a copy of the foregoing motion, pursuant to Federal Rule of Civil Procedure 55(a).


*/s/ Fernando M. Bustos*
Fernando M. Bustos