IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JUSTIN LONG, <br>    *Plaintiff*, <br> <br> v. <br> <br> PEGASO ENERGY SERVICES, LLC <br> and JOHN COLE STOUT, <br>    *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> MO:24-CV-00150-DC-RCG |

## ORDER ADMINISTRATIVELY CLOSING THE CASE

BEFORE THE COURT is the status of the above-styled case. This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **ORDERS** that this case be **ADMINISTRATIVELY CLOSED**.

On July 2, 2024, Plaintiff Justin Long ("Plaintiff") brought this suit, alleging Defendant Pegaso Energy Services, LLC ("Defendant Pegaso") and Defendant John Cole Stout ("Defendant Stout") (collectively, "Defendants") violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff minimum wage and overtime pay for hours worked in excess of forty hours in a workweek. (Doc. 1). Neither Defendant Pegaso nor Defendant Stout has answered or otherwise appeared in this case. According to Plaintiff, on July 17, 2024, Defendant Pegaso filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. (Doc. 10 at 1). On July 30, 2024, Plaintiff moved for clerk's entry of default, which the Clerk entered on August 23, 2024. (Docs. 7, 8). Plaintiff then sought to sever his claims against Defendant Pegaso from those against Defendant Stout and transfer the claims against Defendant Pegaso to the Fort Worth Division in the Northern District of Texas. (Doc. 10 at 5). The Court ultimately denied Plaintiff's

1

Motion to Sever and Transfer based on the intertwinement of the parties and overall unfeasibility of severance. (Doc. 13). Having denied Plaintiff's Motion to Sever and Transfer, the only pending motion before the Court is Plaintiff's Motion for Default Judgment, by which Plaintiff seeks a default judgment only as to Defendant Stout, not as to Defendant Pegaso. (Doc. 11). Thus, the Court must consider whether it should allow the case to proceed while Defendant Pegaso's bankruptcy proceeding is ongoing. Although the Court originally scheduling a hearing, upon further review, the Court finds an order to be a more appropriate vehicle for resolving this issue. (Doc. 14).

As a general matter, the automatic stay created by the filing of a bankruptcy petition protects only the debtor; it does not stay actions against non-debtors. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). Courts, however, recognize certain exceptions to this baseline rule. For example, a bankruptcy stay may be extended to stay proceedings against non-bankrupt third parties if there are "unusual circumstances" showing "such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Courts also have discretion to stay a proceeding against non-bankrupt parties "in the interests of justice and in control of their docket." *Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, No. 12-3120, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) (citing *Wedgeworth*, 706 F.2d at 545).

As outlined in more detail in its Order Denying Plaintiff's Motion to Sever and Transfer, the Court is of the opinion the parties and facts pertaining to each are inextricably linked. (*See* Doc. 13). And to proceed to the next step in this case—i.e., rule on Plaintiff's Motion for

Default Judgment—may result in inconsistent judgments. *See New York Marine & Gen. Ins. v. Joedward Cardona*, No. 17-CV-00246-DC, 2018 WL 7297825, at *1 (W.D. Tex. Mar. 27, 2018) ("It is improper to enter a default judgment against one defendant when multiple defendants are 'similarly situated' because of the risk of inconsistent judgments.") (citations omitted). For these reasons, the Court finds proceeding with this case while the bankruptcy case is pending would be improper.

**IT IS THEREFORE ORDERED** that this case is **ADMINISTATIVELY CLOSED** pending the outcome of Case No. 24-42429, filed in the United States Bankruptcy Court for the Northern District of Texas.

**IT IS FURTHER ORDERED** that the Parties notify the Court within 30 days if the bankruptcy case is dismissed or the automatic stay is lifted.

Finally, the Clerk's Office is **DIRECTED** to **TERMINATE** all deadlines, hearings, and motions in this case. The Court may order the Parties to refile any necessary motions should the case be reopened.

It is so **ORDERED**.

SIGNED this 7th day of July, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE